UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Megan June Courtney,

                        Plaintiff,

        v.

Commissioner of Social Security,[1]

                        Defendant.

**Decision and Order**

17-CV-897 HBS
(Consent)

## I.   INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 18.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income ("SSI") as an adult[2] under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II.   DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*,

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.
[2] Plaintiff had received SSI as a minor. [197.] After plaintiff turned 18 years of age, the Commissioner reevaluated her eligibility for SSI. The reevaluation process is the same as for adults seeking SSI in the first instance. *See* 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987. The Court accordingly will address this case as if plaintiff were applying for SSI in the first instance.

817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

3

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff challenges the Commissioner's final determination on the basis of stale evidence. Specifically, plaintiff argues that her mental health worsened significantly between 2014, when most of the evaluations or reviews in the record occurred, and 2016, when the ALJ's decision issued:

> In the instant case the ALJ gave "great weight to the opinions of several non-treating sources. Tr. 202. Dr. Santarpia, consultative psychologist provided a CE in July 2014. Tr. 202. Drs. Straussner and Butensky, non-examining reviewing psychologists provided reviews in July 2014 and November 2014, respectively. Tr. 202. On her mental status examination, Dr. Santarpia opined Plaintiff had a "mild impairment" with complex tasks. Tr. 200. She opined Plaintiff could "follow simple directions"; "perform simple tasks"; "relate adequately with others"; and "appropriately deal with stress." Tr. 199-200. Dr. Straussner reviewed the record, reporting no severe impairments; however, he opined Plaintiff had a "mild restriction in activities of daily living; mild difficulties in maintaining concentration, persistence or pace; [and] no difficulty in maintained social functioning[.]" Tr. 200. Dr. Butensky opined Plaintiff had moderate limitations in understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extend periods; working with others; completing a normal workweek or workday without interruptions from psychologically based symptoms and performing at a consistent pace without unreasonable rest periods; interacting with the public; accepting instructions and criticism from supervisors; getting along with coworkers; respond to changes in the work setting; and setting realistic goals. Tr. 201.
>
> These opinions are all from 2014; however, the ALJ made her decision on March 16, 2016. Tr. 189, 199-201. In these two years Plaintiff's condition significantly worsened, and these dated opinions do not reflect these changes. *See* Gray, 2017 WL 562152, at *3. Counselling notes from Genesee County Mental Health starting in February 2015 indicate Plaintiff's mental condition worsened. Tr. 674. LMSW Shannon Koch reported Plaintiff had severe fidgeting and restlessness. Tr. 674. Treatment notes indicate several impairments, including: angry outbursts, anxiety, avoiding tasks requiring sustained attention; crying episodes; depressed mood; difficulty concentrating; difficulty staying seated; difficulty sustaining

4

attention; excessive talking; feelings of worthlessness; impulsive responding; increased appetite; irritable mood; and low self-esteem. Tr. 674. Plaintiff also had a "severe" "inability to work," along with moderate verbal aggression, and moderate arguments with family members. Tr. 674. LMSW Koch also reported anxious mood, poor eye contact, mildly impaired memory, poor attention span, and below average intellect. Tr. 674. Plaintiff continued to receive counselling services at Genesee Mental Health; however, her condition did not improve as all further treatment notes contain the same mental statuses, impairments, and symptoms. On November 12, 2015 Nurse Practitioner Psychiatry Amanda Lewis provided a psychiatric evaluation. Tr. 50. She reported Plaintiff had low cognitive functioning; halting speech; was hard to follow; and was slow to answer questions. Tr. 50. She recommended Plaintiff take Clonidine, Remeron, or Abilify. Tr. 50. On February 5, 2016, Dr. Virginia Wohltmann and LCSW Putnam felt opined continued treatment was justified because Plaintiff had not established "adequate coping skills" and her "symptoms and impairments persist." Tr. 67.

(Dkt. No. 11-1 at 17–19; *see also* Dkt. No. 19 at 2.) The Commissioner disputes any need to discount any evidence in the record as stale:

> Plaintiff argues that the evidence relied upon by the ALJ is stale because more recent evidence shows a deterioration in her mental condition. *See* Plaintiff's Brief at p. 16-20. Plaintiff is incorrect for several reasons: the evidence was considered by ALJ and the Appeals Council, a nontreating and nonexamining physician's statement about Plaintiff's ability to work was entitled to no deference, and the evidence referred to by Plaintiff consisted of notes from a social worker and nurse practitioner who were not acceptable medical sources.
>
> The evidence referred to by Plaintiff, consisting of therapy notes by social worker Shannon Koch and nurse practitioner Amanda Lewis was considered by the ALJ (Tr. 201). Under the regulations in effect at the time of the ALJ's decision, social workers and nurse practitioners were not considered acceptable medical sources. *See Eusepi v. Colvin*, 595 F. App'x 7, 8–9 (2d Cir. Dec. 1, 2014); *see Bliss v. Comm'r of Soc. Sec.*, 406 F. App'x 541 (2d Cir. Jan. 19, 2011) (social workers ineligible to receive controlling weight). Rather, these individuals were considered an "other" source of evidence. *See* 20 C.F.R. § 416.913(d)(3); *see also* SSR 06-03p. Such evidence was, however, considered to assess the severity of a Plaintiff's impairment. *See* 20 C.F.R. §§ 416.913 and 419.1527. The ALJ in this case clearly considered the evidence; granted appropriate weight to opinions where they were supported by the evidence, and formulated a RFC finding that accounted for all of Plaintiff's credible functional limitations.
>
> The ALJ discussed the therapy notes reflecting anxious mood and affect, poor eye contact, some speech flight of ideas, mild memory impairment, poor attention span, difficulty remaining seated, appropriate thought content despite concrete thought processes, moderate conceptual disorganization, limited judgment

and insight, and Global Assessment of Functioning (GAF) scores indicating moderate limitations (Tr. 201, 569, 571, 616, 621-23, 675-76, 679, 697, 699, 791, 800). Upon review of the evidence, the ALJ appropriately accounted for Plaintiff's mental limitations, as supported by the evidence. The Appeals Council also considered the complained of evidence and found no reason to disturb the ALJ's decision (Tr. 1-2). The evidence complained of by Plaintiff did "not alter the weight of the evidence so dramatically" as to require a different result. *See Bushey v. Colvin*, 552 F. App'x 97, 98 (2d Cir. Jan. 29, 2014).

(Dkt. No. 18-1 at 14–15.)

Plaintiff has the better argument here. Plaintiff presented the Appeals Council with additional records from 2015 and 2016 that included lengthy lists of mental health symptoms and descriptions of impaired memory, anxiety, poor impulse control, and below-average intellect. [*E.g.*, 15–17, 21–22, 26, 28, 32.] A clinical note from August 18, 2015 identified a problem that potentially would have a significant impact on plaintiff's RFC: "emotion dysregulation and behaviors as evidenced by yelling, throwing objects, hitting things, impulsive responding." [35; *see also* 43, 76.] The Court takes no position at this time as to whether any of the clinical notes from 2015 and 2016 ought to change the ultimate determination of disability. That said, the notes appear to contain descriptions of significant symptoms that would require some consideration. Nonetheless, the Appeals Council made clear that "[w]e did not consider and exhibit this evidence." [7.] The Appeals Council gave an additional reason for disregarding the evidence apart from its merits: "The Administrative Law Judge decided your case through March 16, 2016. This additional evidence does not relate to the period at issue." [7.] This review does not constitute a full development and consideration of the record. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel or, as here, by a paralegal.") (citation omitted). Remand is necessary to address an additional legal error that is related to proper development of the record. The ALJ gave "great weight" to two

6

non-examining psychological consultants. [207.] Non-examining consultants are not permitted to receive great weight in a disability determination, especially where they could wind up overriding other treatment sources in the record. See *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir. 1992) (citations omitted); *Velazquez v. Barnhart*, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007) ("In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient."); *Minsky v. Apfel*, 65 F. Supp. 2d 124, 139 (E.D.N.Y. 1999) (citations omitted). Upon remand, the Commissioner will weigh the non-examining consultants more appropriately to determine what impact they had on the ALJ's determination.

## III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 18). The Court grants plaintiff's cross-motion (Dkt. No. 11) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                          __/s Hugh B. Scott_____
                                                Hon. Hugh B. Scott
                                                United States Magistrate Judge

DATED: May 29, 2019